# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LARRY ALAN ROSE, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> THE KENNETH J. ROSE ) <br> IRREVOCABLE TRUST, dated ) <br> November 4, 2003; ) <br> ) <br> DOROTHY M. ROSE, Trustee of the ) <br> Kenneth J. Rose Irrevocable Trust, dated ) <br> November 4, 2003, and in her individual ) <br> capacity; ) <br> ) <br> KENNETH GARY ROSE, Trustee of the ) <br> Dorothy M. Rose Irrevocable Trust, dated ) <br> November 4, 2003; and in his individual ) <br> capacity; ) <br> ) <br> DEBRA JEAN ROSE, individually; and ) <br> ) <br> JUSTIN RYAN ROSE, individually, ) <br> ) <br> ) <br> Defendants. ) | Case No.   CIV-24-76-SPS |

## OPINION AND ORDER

Defendant Dorothy M. Rose ("Dorothy"), individually and as Trustee of Defendant The Kenneth J. Rose Irrevocable Trust ("KJR Trust"), moves to dismiss the Complaint of Plaintiff Larry Alan Rose ("Larry") pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure for failure to join a party under Rule 19. (Doc. 21). Larry has filed a Response (Doc. 36), and Dorothy has filed a Reply. (Doc. 48). Further, Defendants Kenneth Gary Rose, individually and as Trustee of Defendant the KJR Trust, Debra Jean Rose, individually, and Justin Ryan Rose, individually, also move to dismiss the Complaint of Larry pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure for failure to join a party under Rule 19.1 and adopt in full Dorothy's Motion to

Dismiss. (Doc. 28). Larry filed a Response (Doc. 37), and Defendants filed a Reply. (Doc. 49). The Response and Reply also adopt in full the prior Response (Doc. 36), and Reply (Doc. 38).

## I. MOTION TO DISMISS STANDARD

Rule 12(b)(7) of the Federal Rules of Civil Procedure provides for dismissal of an action for "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7). "The Tenth Circuit has recognized that 'Rule 19 provides a three-step process for determining whether an action should be dismissed for failure to join a purportedly indispensable party.'" *Burgess v. Johnson*, No. 19-V-00232-GKF-JFJ, 2021 WL 3418426, at *2 (N.D. Okla. Aug. 5, 2021) (quoting *Citizen Potawatomi Nation v. Norton*, 248 F.3d 993, 997 (10th Cir. 2001)). "The moving party bears the burden at each step." *Id.* (citing *Davis v. United States*, 192 F.3d 951, 958 (10th Cir. 1999)). "'The proponent's burden can be satisfied by providing affidavits of persons having knowledge of these interests as well as other relevant extra-pleading evidence.'" *Id.* (quoting *Citizen Band of Potawatomi Indian Tribe of Okla. v. Collier*, 17 F.3d 1292, 1293 (10th Cir. 1994)).

"First, 'the court must find that a prospective party is 'required to be joined' under Rule 19(a).'" *Id.* (quoting *N. Arapaho Tribe v. Harnsberger*, 697 F.3d 1272, 1278 (10th Cir. 2012)) (emphasis in original).

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 17(a)(1).

"Second, if the absent person or entity was required to be joined, 'the court must then determine whether joinder is 'feasible.''" *Burgess*, 2021 WL 3418426 at \*2 (quoting *Norton*, 248 F.3d at 997) (emphasis in original). "'If joinder is feasible, the court must order it; the court has no discretion at this point because of the mandatory language of the rule.'" *Id*. (quoting 7 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1611 (3d ed. Apr. 2021 update)).

"Third and finally, if the required person or entity cannot be feasibly joined, "the court must determine, under Rule 19(b), whether the required-but-not-feasibly-joined party is so important to the action that the action cannot 'in equity and good conscience' proceed in that person's absence." *Id*. at 3 (quoting *Harnsberger*, 697 F.3d at 1278-79) (emphasis in original). "The factors for the court to consider include: (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder." Fed. R. Civ. P. 19(b). If the action cannot "in equity and good conscience" proceed without the absent person or entity, the action "should be dismissed." *Id*. "Because Rule 19(b) does not state the weight to be given each factor, the district court in its discretion must determine the importance of each in the context of the particular case." *Thunder Basin Coal Co. v. Sw. Pub. Serv. Co.*, 104 F.3d 1205, 1211 (10th Cir. 1997).

## II. BACKGROUND

According to Plaintiff's Complaint, on November 4, 2003, Kenneth J. Rose ("Kenneth")

executed the Revocable Trust Declaration for the Kenneth J. Rose Revocable Trust ("KJR Trust Declaration"), creating the KJR Trust. *See* Complaint ¶¶ 1, 14 & Ex. 1 at 1. The KJR Trust Declaration appointed Kenneth as the initial Trustee of the KJR Trust, and it appointed his wife, Dorothy, as the successor Trustee of the KJR Trust. *Id*., Ex. 1 at 1, 4.

Under the terms of the KJR Trust Declaration, upon Kenneth's death, the assets of the KJR Trust were to be divided between a Marital Trust and a Non-Marital Trust, of which Dorothy would be the Trustee. *Id*. ¶ 15 & Ex. 1 at 4-8. Under the terms of the KJR Trust Declaration, the Trustee of the Marital Trust was to pay to Dorothy all income generated by the Marital Trust and such sums from principal as the Trustee of the Marital Trust deems necessary or advisable from time to time for Dorothy's health, education, maintenance, and support, taking into consideration all of Dorothy's income from all sources known to the Trustee of the Marital Trust. *Id*., Ex. 1 at 6. Further, under the terms of the KJR Trust Declaration, Dorothy has a power of appointment over the remaining income and principal of the Marital Trust. *Id*., Ex. 1 at 6.

Under the terms of the KJR Trust Declaration, the Non-Marital Trust was created for the benefit of Kenneth's children, Larry, Defendant Kenneth Gary Rose ("Gary"), and Non-Party Shirley Nelson ("Shirley"). *Id*., Ex. 1 at 7. Under the terms of the KJR Trust Declaration, during Dorothy's life, the Trustee of the Non-Marital Trust may distribute to Dorothy the income generated by the Non-Marital Trust and such sums from the principal as the Trustee of the Non-Marital Trust deems necessary or advisable from time to time for Dorothy's health, education, maintenance, and support, in the event Dorothy's sources of income and assets are insufficient. *Id*., Ex. 1 at 7-8. Further, under the terms of the KJR Trust Declaration, the Trustee of the Non-Marital Trust would also have discretion to distribute to other beneficiaries such portions of the

income generated by the Non-Marital Trust as may be needed for their health, education, maintenance, and support. *Id.*, Ex. 1 at 8. Upon Dorothy's death, all remaining assets of KJR Trust are to be distributed to Larry, Gary, and Shirley in equal shares. *Id.*, Ex. 1 at 8.

On March 4, 2024, Larry initiated this action by filing his Complaint. *Id.* The Complaint names one Plaintiff—Larry. *Id.* ¶ 5. The Complaint names five Defendants—Dorothy, individually and in her capacity as Trustee of the KJR Trust, Gary, individually and in his capacity as Trustee of the Dorothy M. Rose Irrevocable Trust ("DMR Trust"), Gary's wife, Debra Jean Rose ("Debbie"), Gary's son, Justin Ryan Rose ("Justin"), and the KJR Trust. *Id.* ¶¶ 6-10.[1] The Complaint alleges that Larry is a citizen of Arkansas, and that Defendants are citizens of Oklahoma. *Id.* ¶¶ 5-10, 14. The Complaint alleges that this Court has jurisdiction over the subject matter of this action pursuant to pursuant to 28 U.S.C. § 1332(a) because "the amount in controversy exceeds $75,000.00 and the parties are citizens of different states and there is complete diversity of citizenship between Plaintiff and Defendants." *Id.* ¶ 11.

Pursuant to the Complaint, "right after Kenneth's death when the KJR Trust became irrevocable, Dorothy began secretly defunding the KJR Trust by moving real property, hard assets

---

1. In his Complaint, Larry separately names both the KJR Trust and Dorothy, in her capacity as Trustee of the KJR Trust, as Defendants. "However, '[t]he trustee is the proper party defendant in a suit involving a trust, and a trust generally is not recognized as a separate legal entity with the capacity to be sued in its own name.'" Defendant's Br. at n.1 citing *Trident Tr. Co. (UK) v. Anglo-Am. Credit Union, Inc.*, No. 1:07CV893, 2008 WL 2599891, at *2 (S.D. Ohio June 26, 2008); *see also Ray Malooly Tr. v. Juhl*, 186 S.W.3d 568, 570 (Tex. 2006) ("The general rule…has long been that suits against a trust must be brought against its legal representative, the trustee."); Fed. R. Civ. P. 17(b) ("Capacity to sue or be sued is determined…by the law of the state where the court is located."); Okla. Stat. tit. 60, § 175.24(A)(5) ("In the absence of contrary or limiting provisions in the trust agreement or a subsequent order or decree of a court of competent jurisdiction, the trustee of an express trust is authorized…[t]o compromise, contest, arbitrate, or settle any and all claims of or against the trust estate or the trustee as such."). *Id.*

and cash out of the KJR Trust and into Gary's name, individually, or into the [DMR Trust], where Dorothy could then gift the property (primarily land throughout LeFlore County) over to Gary, Gary's wife, Debbie, and/ or Gary's son, Justin—all to the detriment of [Larry] and his sister, Shirley." *Id*. ¶ 3.  In addition, according to the Complaint, Defendants have taken "actions to defund the KJR Trust to the detriment of [Larry] and beneficiary, Shirley." *Id*. ¶ 25.

The Complaint asserts various claims against Defendants, including claims for declaratory judgment, undue influence, and breach of trust. *Id*. ¶¶ 22-39. In particular, Larry bases his claim for breach of trust against Dorothy, in part, on the allegations that Dorothy has "provided KJR Trust property and assets to persons not named as beneficiaries in the KJR trust and…in a manner not solely in the interests of the named beneficiaries," and that "Dorothy has made express threats to [Larry] that if he seeks judicial enforcement of her duties as Trustee, that she will administer the trust in such a way that [Larry] and his sister, Shirley, will receive no benefits from it." *Id*. ¶ 38-39.

The Complaint seeks broad relief, including an order enjoining Dorothy from taking further action as Trustee of the KJR Trust and compelling Dorothy to provide an accounting, an order enjoining Gary him from taking further action as Trustee of the DMR Trust and compelling Gary to provide an accounting, an order compelling Gary, Debbie, and Justin to return all KJR Trust property gifted to them, a judgment of undue influence against Dorothy, imposition of a constructive trust on all assets held by the KJR Trust or the DMR Trust, damages against Dorothy for breach of trust, and other equitable relief and damages against Defendants. Additionally, although not named as a party to this action, Shirley is a resident of, domiciled in, and a citizen of Oklahoma. *See* Declaration of Dorothy M. Rose, attached as Exhibit 1, ¶¶ 3-6.

**III. ANALYSIS**

Larry seeks various forms of relief, including damages and an accounting, in connection with an alleged breach of trust relating to the administration of the KJR Trust, a trust governed by Oklahoma law. The Complaint necessarily invokes relief under the Oklahoma Trust Act, which authorizes a court "[t]o remedy a breach of trust that has occurred" by (1) "[c]ompel[ling] the trustee to perform the trustee's duties," (2) "[e]njoin[ing] the trustee from committing a breach of trust, (3) "[c]ompel[ling] the trustee to redress a breach of trust by payment of money or otherwise," (4) "[o]rder[ing] a trustee to account," (5) "void[ing] an act of the trustee, impos[ing] an equitable lien or a constructive trust on trust property, or trac[ing] trust property wrongfully disposed of and recover the property or its proceeds," or (6) "[g]rant[ing] any other appropriate remedy." Okla. Stat. tit. 60, § 175.57(A)(1)-(9).

Pursuant to the Oklahoma Trust Act necessary parties under the Oklahoma Trust Act include "those persons designated as beneficiaries by name or class in the instrument creating the trust and who have a vested interest in the trust which is the subject of the action." Okla. Stat. tit. 60, § 175.23(C). In addition, "[i]t is well established that the rule that all beneficiaries are proper parties to an accounting is for the protection of the trustee alone, to guard him from a multiplicity of suits…." *Moody v. Branson*, 136 P.2d 925, 927 (Okla. 1943). Similarly, federal courts have recognized that, "[a]s a general rule, all beneficiaries are persons needed for just adjudication of an action to remove trustees and require an accounting or restoration of trust assets." *Walsh v. Centeio*, 692 F.2d 1239, 1243 (9th Cir. 1982); *see also Tick v. Cohen*, 787 F.2d 1490, 1494 (11th Cir. 1986); *Wood v. Hull*, No. 16-CV-450-TCK-JFJ, 2017 WL 4896936, at *3 (N.D. Okla. Oct. 30, 2017).

According to the authority set forth above, the Court finds Shirley is a necessary and indispensable party to this action. Shirley is one of three named beneficiaries of the Non-Marital Trust, who shares the same rights and who, as alleged in the Complaint, suffered the same injuries as Larry. Shirley is entitled to an equal share of the remaining assets of the Non-Marital Trust upon Dorothy's death as Larry. As other courts have recognized, where "the [t]rust[] ha[s] multiple beneficiaries who are to take proportionately from certain trust assets, a construction of the terms or judgment affecting the res of the [t]rust[] could affect the [a]bsent [b]eneficiaries' interests." *Wood*, 2017 WL 4896936, at \*3; *see also Faunce v. Bird*, 210 F.R.D. 725, 728 (D. Or. 2002) ("Under the terms of the Trust, both Plaintiff and his brother, Robert Faunce, are beneficiaries and are to be treated equally. The relief sought by Plaintiff necessarily would affect the Trust itself and, therefore, could affect the relative interest of Robert Faunce.").

Further, because the Complaint seeks broad relief, "[i]n the event that [Larry] succeed[s] on the merits, it is likely that the trust[ ] will be affected." *Tick*, 787 F.2d at 1494. It is possible that Shirley—the absentee beneficiary—does not agree with Larry's allegations or would assert alternative arguments. If the court grants the requested relief in the Complaint, Shirley's interests would necessarily be affected, forcing her either to accede to the change or to file another lawsuit. *See Wilson*, 2019 WL 3468204, at \*2 (E.D. Ky. July 31, 2019); *see also Tick*, 787 F.2d at 1494. In addition, because the KJR Trust Declaration gives Dorothy, as Trustee, the right "[t]o settle, compromise; abandon, arbitrate or litigate any claim or obligation," and "[t]o employ legal counsel…and pay their compensation and expenses," Complaint, Ex. 1 at 10, if Larry is unsuccessful in this litigation, "the litigation process could deplete the Trust (and thus any beneficiary's share)." *Wilson*, 2019 WL 3468204, at \*2.

8

Finally, even if Larry could obtain complete relief for himself on this or some of his other claims against Dorothy and the other Defendants, Dorothy cannot obtain complete relief against Larry, because of the existence of potential claims that would implicate her ongoing duties and Larry's interests in the KJR Trust in future litigation. *See id*. at 337-38 ("Plaintiffs can be accorded their complete relief. They seek and can be awarded judgment for their proportionate share of the value of the…personal property allegedly wrongfully taken by Defendants…. However, Defendants cannot be accorded complete relief as, if they are either found or not found to be liable to the Plaintiffs, there will still be claims outstanding arising out of the same transaction[s]."). The same complicated relationships among the trustee and beneficiaries are why Judge Frizzell concluded that "[w]ithout the absentee beneficiaries, the court cannot afford complete relief." *Burgess I* at *3.

Therefore, Shirley has an interest in the litigation, and disposing of the action in her absence may, as a practical matter, impede her ability to protect that interest. *See* Fed. R. Civ. P. 19(a)(1)(B)(i). Because the Court can neither afford complete relief nor protect Shirley's interest, Shirley is required to be joined under Rule 19(a).

Moreover, the joinder of Shirley as a party to this action is not feasible. "The feasibility analysis requires the court to consider whether 'the absentee is subject to service of process and whether joinder will deprive the court of jurisdiction over the subject matter of the action.'" *Burgess*, 2021 WL 3418426 at *5 (quoting 7 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1604 (3d ed. Apr. 2021 update)). "Joinder is not feasible if it will deprive the court of jurisdiction." *Id*. (citing Fed. R. Civ. P. 19(a); *Wood*, 2017 WL 4896936, at *2). "Rule 19 permits joinder as an involuntary plaintiff 'only if the person is beyond the jurisdiction of the

court, and is notified of the action, but refuses to join.'" *Id*. (quoting 7 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1606 (3d ed. Apr. 2021 update)). "'Generally, if a party refuses to join as a plaintiff, the proper procedure is to serve the complaint on that party as a defendant and then seek realignment.'" *Id*. (quoting *Elborough v. Evansville Cmty. Sch. Dist.*, 636 F. Supp. 2d 812, 826 (W.D. Wis. 2009)); *see also Eikel v. States Marine Lines, Inc.*, 473 F.2d 959, 962-63 (5th Cir. 1973).

"The seminal case on alignment of parties for purposes of diversity jurisdiction is *City of Indianapolis v. Chase National Bank*, [314 U.S. 63] (1941)." Defendant's Br. at 9-10 citing *Belcher v. United Parcel Serv., Inc.*, No. 09-CV-628-TCK-PJC, 2009 WL 4912169, at *2 (N.D. Okla. Dec. 10, 2009). In *City of Indianapolis*, the Supreme Court observed:

> Diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who defendants. It is our duty, as it is that of the lower federal courts, to look beyond the pleadings, and arrange the parties according to their sides in the dispute. Litigation is the pursuit of practical ends, not a game of chess. Whether the necessary collision of interest exists, is therefore not to be determined by mechanical rules. It must be ascertained from the principal purpose of the suit, and the primary and controlling matter in dispute.

314 U.S. at 69 (internal citations and quotations omitted). The Tenth Circuit applies the "substantial-conflict" test to determine realignment. *See Price v. Wolford*, 608 F.3d 698, 705 (10th Cir. 2010). Under this test, "a party need not be realigned so long as it has an actual and substantial conflict with a party on the other side." *Id*. (quotations omitted). "Only when the parties are aligned to match their actual interests can the court determine whether [subject-matter jurisdiction based on complete diversity of citizenship under 28 U.S.C.] § 1332 is satisfied." *Symes v. Harris*, 472 F.3d 754, 761 (10th Cir. 2006).

In the instant case, an actual and substantial conflict exists between Shirley and Dorothy, Gary, Debbie, and Justin as to content and distribution of the Non-Marital Trust. Pursuant to the KJR Trust Declaration, Shirley, like Larry, is a beneficiary of the Non-Marital Trust, of which Dorothy is the Trustee. However, according to the Complaint, "right after Kenneth's death when the KJR Trust became irrevocable, Dorothy, began secretly defunding the KJR Trust by moving real property, hard assets and cash out of the KJR Trust and into Gary's name, individually, or into the [DMR Trust], where Dorothy could then gift the property (primarily land throughout LeFlore County) over to Gary, Gary's wife, Debbie, and/ or Gary's son, Justin—all to the detriment of [Larry] and his sister, Shirley." Complaint ¶ 3. In contrast, there is no actual, substantial controversy between Shirley and Larry. Even if Shirley had affirmatively represented that she did not wish to join this action, "'[t]he mere refusal to join the action as a plaintiff is not enough to demonstrate that the recalcitrant individual has a different ultimate interest in the outcome of the action than does the plaintiff.'" *Burgess*, 2021 WL 3418426 at *5 (quoting 13E Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3607 (3d ed. Apr. 2021 update)).

Accordingly, it is appropriate to align Shirley as a Plaintiff. However, "[w]hether [Shirley] is added as an involuntary plaintiff or aligned by the court as a plaintiff, her joinder destroys complete diversity." *Burgess*, 2021 WL 3418426 at *6; *see also* 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between….citizens of different States…."); Complaint ¶ 11 (explicitly basing the Court's subject-matter jurisdiction on complete diversity of citizenship between Plaintiff and Defendants). As a result, "[Shirley's] joinder is not feasible and the court must consider whether, in equity and good conscience, the

action should proceed among only the existing parties or be dismissed." *Burgess*, 2021 WL 3418426 at *6.

As noted above, to determine whether to move forward or dismiss, this Court must consider those factors set forth in Rule 19(b), including "(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder."

With regard to the first factor, where, as here, "the requested relief requires a construction of the terms of the [KJR] Trust and an accounting…a judgment could prejudice the absentee beneficiaries," *Burgess*, 2021 WL 3418426 at *6 (citing *Wood*, 2017 WL 4896936 at *4), and Dorothy, Gary, Debbie, and Justin "may be prejudiced through the threat of inconsistent obligations," *id*. (citing *Wood*, 2017 WL 4896936, at *4; *Faunce*, 210 F.R.D. at 729). Larry and Shirly hold equally enforceable rights against Dorothy, Gary, Debbie, and Justin because they are identically situated, and if the Court adjudicates the propriety of their conduct in relation to the KJR Trust, then the same conduct could be subject of subsequent actions because Shirley might not be bound by the Court's judgment. The risk of multiple obligations includes inconsistent damages and inconsistent judgments, as the Court in this action and the court in a subsequent action might make different interpretations as to the propriety of the same alleged misconduct by Dorothy, Gary, Debbie, and Justin. On the other hand, Larry will suffer minimal prejudice if this action is dismissed because Larry could pursue this action in an appropriate forum in which the joinder of Shirly would not result in the destruction of subject matter jurisdiction.

Regarding the second and third factors, a judgment in this action will affect Shirley as an absentee beneficiary, including her interest in the KJR Trust. "'[A]ny judgment here would be inadequate because [Shirley] may bring duplicative claims, with potentially inconsistent results' and proceeding without [Shirley] would frustrate the intent of the [KJR] Trust to provide equal distributions to [the] beneficiaries [of the KJR Trust and the Non-Marital Trust]." *Id.* (quoting *Wood*, 2017 WL 4896936, at *5). It is also "'difficult to envision any conceivable way to fashion a meaningful judgment which will not affect [Shirley's] interests.'" *Id.* (quoting *Tick*, 787 F.2d at 1495).

Finally, Larry would have an adequate remedy if this action were dismissed for nonjoinder. Shirley and the Defendants are all domiciled in LeFlore County, Oklahoma. *See* Declaration of Dorothy M. Rose, attached as Exhibit 1, ¶¶ 3-6. This action could therefore be maintained in the District Court of LeFlore County, Oklahoma, which would have personal jurisdiction over Shirley and Defendants, given their residency, and jurisdiction over the subject matter of this action under the Oklahoma Trust Act. *See* 60 O.S. § 175.23(A). Indeed, "the [Oklahoma] courts are the superior forum for disposition of this action because it involves questions of [Oklahoma] trust law." *Tick*, 787 F.2d at 1495.

For the foregoing reasons, the four factors under Rule 19(b) weigh in favor of dismissal. This action cannot "in equity and good conscience" proceed without Shirley, and this Court cannot join Shirley and align her properly as a Plaintiff without destroying its subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1).

## IV. CONCLUSION

For the reasons set forth above, Defendant Dorothy M. Rose's Motion to Dismiss (Doc. 21), and Defendants Kenneth Gary Rose, Debra Jean Rose, and Justin Ryan Rose's Motion to Dismiss (Doc. 28) are granted pursuant to Rule 12(b)(7) for failure to join a party under Rule 19.

**IT IS SO ORDERED this 31st day of July, 2024.**

_____
**STEVEN P. SHREDER
UNITED STATES MAGISTRATE JUDGE**